# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERT L. MCINERNEY,            )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-16-331-JHP-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Robert L. McInerney (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 51 years old at the time of the ALJ's latest decision. Claimant completed his education through the tenth grade. Claimant has worked in the past as a machine operator. Claimant alleges an inability to work beginning September 1, 2005 due to limitations resulting from left wrist fracture, carpal tunnel syndrome, migraine headaches, sleep deprivation, thoracic and cervical spinal problems with radiation, right arm and hand pain, and disorders of the cervical and lumbar spine.

**Procedural History**

On March 21, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on January 21, 2010. On appeal, the decision was reversed by this Court on September 30, 2011.

After a second hearing on remand, the ALJ issued an unfavorable decision on October 30, 2012. On March 24, 2014, the decision was reversed and the case remanded for further proceedings.

On February 6, 2015, ALJ Lantz McClain conducted a hearing in Tulsa, Oklahoma. He issued a third unfavorable decision on March 20, 2015. The Appeals Council denied review on June 28, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper credibility determination; (2) failing to properly evaluate Claimant's RFC; and (3) failing to properly consider the medical source statement from Claimant's treating physician.

**Credibility Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of fracture of the left wrist with non-union, bilateral carpal tunnel syndrome, and degenerative disc disease of the lumbar and cervical spine. (Tr. 1010). The ALJ concluded Claimant could perform light work. In so doing, he found Claimant could occasionally lift/carry 20 pounds and frequently lift/carry ten pounds, stand and/or walk at least six hours in an eight hour workday and sit at least six hours in an eight hour workday, all with normal breaks. Claimant was limited to no constant, but only frequent, use of the hands for such repetitive tasks as keyboarding. (Tr. 1011). After consulting with a vocational expert, the ALJ concluded that Claimant retained the RFC to perform the representative jobs of small products assembler and housekeeper/cleaner, both of which were found to exist in sufficient

numbers in the regional and national economies. (Tr. 1017). As a result, the ALJ found Claimant was not disabled from September 1, 2005 through the date of the decision. Id.

Claimant contends the ALJ failed to properly assess his credibility. The ALJ summarized Claimant's testimony, noting he has not worked since 2007. Claimant testified he broke his left wrist in 1997 and 1998 and had two surgeries which resulted in a failure to union the bone in the wrist of his non-dominant hand. Claimant stated that he had not grip strength in his left hand, no ability to lift, including a gallon of milk, and testified that he was in constant pain. Claimant had carpal tunnel surgery on the right which still swells. Claimant stated he was unable to lift 20 pounds and that pushing and/or pulling for an hour causes swelling. Claimant testified that his right arm and left leg go numb. He drops things with his right hand. Claimant stated he was able to sit for an hour in the waiting room. He reported that he had difficulty keeping up walking on uneven ground. He experienced disturbed sleep. (Tr. 1012).

The ALJ concluded Claimant's statements of limitation were "not entirely credible for the reasons explained in this decision." Id. He further found Claimant "to not be fully credible. While the claimant testified that he is getting to where he is unable to sit or walk, the record does not support much limitation on sitting or

walking." (Tr. 1015). The ALJ specifically addressed this issue by citing to the findings of Dr. Sri Reddy dated April 4, 2012. Dr. Reddy completed a medical source statement which indicated Claimant could sit, stand, and walk for eight hours in an eight hour workday. (Tr. 982). On examination, Dr. Reddy found Claimant had slightly decreased range of motion in the left wrist, 5/5 strength in the upper and lower extremities, equal and symmetric reflexes in the biceps, brachioradialis, triceps, knees, and ankles, and ambulated with normal step length, speed, and balance. (Tr. 980). Dr. Reddy concluded Claimant could frequently lift/carry up to ten pounds and occasionally up to 20 pounds, could reach, handle, finger, and feel continuously with both hands, and could push/pull occasionally with his left hand and continuously with his right hand. (Tr. 981, 983). In postural activities, Claimant was only limited to never climbing ladders or scaffolds. (Tr. 984). The ALJ cited to these findings in his decision. (Tr. 1015).

Dr. Jimmie Taylor also evaluated Claimant. He determined Claimant had normal range of motion in the extremities and back. (Tr. 616-17). He found Claimant had a very mild decrease in grip and dexterity bilaterally. (Tr. 613).

The ALJ also noted Claimant continued to work after his alleged onset date. (Tr. 1010). Claimant asserted he became disabled in September of 2005 but his earnings record indicated he had earnings

7

from working in 2005 and 2007 and he reported difficulty working in 2014.  (Id.; Tr. 644, 1222, 1264).  The ALJ is permitted to consider that a claimant worked, even if the work was not substantial gainful activity.  20 C.F.R. § 404.1571.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements.  The objective medical testing and the inconsistencies between the claimed restrictions and Claimant's activities form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

### RFC Determination

Claimant next challenges the adequacy of the ALJ's pain assessment, contending the ALJ did not abide by this Court's remand directive to examine the effect of Claimant's pain associated with his carpal tunnel condition.  The ALJ repeatedly assessed the records associated with claims of pain in Claimant's wrists and hands.  (Tr. 1014).  He also noted Claimant's functional performance with normal grip strength, dexterity, and range of motion.  Id.  He acknowledged Claimant was "comfortable" during examinations.  Id.  The ALJ did not ignore the evidence of claims of pain but determined that Claimant's demonstrated functional limitations did not support the level of pain asserted by Claimant.  (Tr. 1014-15).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis

despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment, including his consideration of Claimant's assertions of pain, was supported by substantial evidence.

**Consideration of the Opinion of Dr. Ronald Myers**

Claimant contends the ALJ failed to properly consider the opinion of Dr. Ronald Myers, who Claimant characterizes as

"Plaintiff's long-time treating physician". Claimant asserts the ALJ failed to give "any weight" to the opinion of Dr. Myers, which is encapsulated in his medical source statement of June 24, 2009. (Tr. 661-65). Dr. Myers determined Claimant could not lift/carry any weight. He also found Claimant could sit, stand, and walk for three hours at a time and for three hours out of an eight hour workday. (Tr. 661). He determined Claimant could not push/pull or engage in fine manipulation with either hand and could only grasp with his right hand. Claimant could not crawl, could occasionally climb and reach above his head, and frequently bend, squat, stoop, crouch, and kneel. Claimant's pain was described as "moderate." (Tr. 662). Claimant would not need to take unscheduled breaks, would have bad days, and would be required to be absent on average more than four days per month. (Tr. 663).

Claimant's characterization of Dr. Myers as a "long-time treating physician" is not borne out by the medical record. Dr. Myers saw Claimant on one occasion at his attorney's request. (Tr. 722-23). The ALJ did weigh Dr. Myers' opinion, Claimant's protestations to the contrary notwithstanding. The ALJ found the opinion was entitled to "little weight" rather than controlling weight because "it appears clearly exaggerated." (Tr. 1016). The ALJ noted the opinion establishes functional limitations which are in no way associated with the medical conditions from which Claimant

11

suffers.  Limitations on the ability to sit and other postural restrictions found no support in the medical record.  The ALJ also found the level of restriction found for Claimant's wrist and hand were not supported by other medical evaluations.  <u>Id</u>.  The noted inconsistencies brought the veracity of the entire opinion into question.  <u>Id</u>.

The ALJ complied with the evaluative requirements of <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003) in reducing the weight given to Dr. Myers' opinion.  His lack of a longitudinal treating relationship weighs heavily against giving his opinion controlling weight.  Given the far reaching restrictions Dr. Myers attempts to impose on Claimant without support in the medical record, the ALJ was justified in the reduction in weight given to the opinion.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting

brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE